CARL MICHAEL BAKER

VERSUS

LIGHTHOUSE EXCALIBUR INSURANCE
COMPANY AND LOUISIANA INSURANCE
GUARANTY ASSOCIATION

NO. 24-CA-325

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 92,712, DIVISION "D"
HONORABLE ROCHELLE C. FAHRIG, JUDGE PRESIDING

January 29, 2025

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Timothy S. Marcel

**AFFIRMED**
    **JGG**
    **SMC**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CARL MICHAEL BAKER
    Lucas Morehouse

COUNSEL FOR DEFENDANT/APPELLEE,
LIGA
    Tilton R. Hunter, Jr.

**GRAVOIS, J.**

Plaintiff, Carl Michael Baker, appeals the trial court's judgment that sustained the peremptory exception of prescription filed by defendant, Louisiana Insurance Guaranty Association, and dismissed Mr. Baker's suit with prejudice. For the following reasons, we affirm the judgment.

### FACTS AND PROCEDURAL HISTORY

Mr. Baker filed suit against Lighthouse Excalibur Insurance Company, his homeowner's insurer, and Louisiana Insurance Guaranty Association ("LIGA") for damages his property sustained as a result of Hurricane Ida. The petition is stamped as filed with the Clerk of Court on September 20, 2023.

Subsequently, LIGA filed a peremptory exception of prescription, arguing that the deadline to file a Hurricane Ida claim was August 29, 2023. LIGA asserted that Mr. Baker fax-filed his petition on August 16, 2023, but he did not deliver the original of his petition to the Clerk of Court within seven days of the fax-filing, as required by La. R.S. 13:850(B). Therefore, the fax-filing of his petition on August 16, 2023 was without force or effect.

Mr. Baker argued in opposition that because his petition was signed electronically, the faxed-filed petition received by the Clerk of Court on August 16, 2023 was his "original" petition, and accordingly, upon his timely payment of the filing fees, he met the requirements of La. R.S. 13:850(B). He argued defendants received service of his petition and were not adversely affected by his fax-filing.

Following a hearing, the trial court signed a judgment on January 25, 2024, sustaining LIGA's exception of prescription and dismissing Mr. Baker's suit with prejudice. This timely appeal followed.

## LAW AND ANALYSIS

Ordinarily, the exceptor bears the burden of proof at the trial of a peremptory exception, including prescription. *Castello v. Zuppardo*, 22-118 (La. App. 5 Cir. 11/30/22), 353 So.3d 997, 1001. However, if prescription is evident from the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. *Id.* Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. *Burke v. Cohen*, 19-544 (La. App. 5 Cir. 5/28/20), 296 So.3d 1231, 1236.

At a hearing on a peremptory exception of prescription plead prior to trial, evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. In the absence of evidence, a peremptory exception of prescription must be decided upon the facts alleged in the petition with all of the allegations accepted as true. *Ruffins v. HAZA Foods of Louisiana*, *LLC*, 21-619 (La. App. 5 Cir. 5/25/22), 341 So.3d 1259, 1262.

The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Petty v. KAC Properties LLC*, 23-408 (La. App. 5 Cir. 3/27/24), 384 So.3d 1151, 1154. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *Id.* However, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard of review. *Id.*

While Mr. Baker attached exhibits to his memorandum in opposition to the exception of prescription, no evidence was introduced at the hearing on the

exception of prescription. Accordingly, we will review the trial court's judgment *de novo*.[1]

On appeal, Mr. Baker asserts that his petition for damages was signed electronically using the app "Docu-Sign." He argues that an electronically signed document is a legally enforceable document pursuant to La. R.S. 9:2607.[2] He asserts that the petition was then faxed "digitally" to the Clerk of Court "without the use of paper and ink." Mr. Baker claims that the faxed petition is the "original" petition since the petition was not "reduced to paper and ink" until it was printed for the first time by the Clerk's Office. He argues that all of the elements of La. R.S. 13:850(B) were satisfied before the end of the prescriptive period.

The prescriptive period for a property owner to file a suit against its property insurer for property damages arising from a named storm under a Louisiana insurance policy is two years. La. R.S. 22:868. The deadline for filing all lawsuits for damage caused by Hurricane Ida was August 29, 2023. La. R.S. 22:868. *See Green v. Maison Ins. Co.*, 24-297 (La. App. 5 Cir. 9/4/24), --- So.3d ----, 2024 WL 4033561.

Prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. A

---

[1] Absent the formal introduction of exhibits at a hearing on an exception of prescription, those exhibits merely contained in the record or attached to a memorandum in support of an exception of prescription are not to be considered. *See Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88. Except as otherwise provided by law, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Id.*

[2] La. R.S. 9:2607, entitled "Legal recognition of electronic records, electronic signatures, and electronic contracts," provides:

    A. A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.

    B. A contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation.

    C. If a law requires a record to be in writing, an electronic record satisfies the law.

    D. If a law requires a signature, an electronic signature satisfies the law.

civil action is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. La. C.C.P. art. 421.

Fax-filing of pleadings is governed by La. R.S. 13:850, which provides in pertinent part:

A. Until January 1, 2026, any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions, and the clerks of court shall not intentionally turn off or disconnect the equipment used to receive facsimile filings. *Filing shall be deemed complete on the date and time indicated on the clerk of court facsimile transmission receipt.* No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. *The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.*

B. *Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court*:

   (1) *The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders.* A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

   (2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

   (3) A transmission fee of five dollars.

C. *If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect.* The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

* * *

(Emphasis added.)

A party may fax-file a pleading with the same force and effect as filing the original document, if the requirements of La. R.S. 13:850(B) are met. *Higgins v. Russell*, 55,624 (La. App. 2 Cir. 5/22/24), 386 So.3d 1236, 1241. However, a

filing is merely conditional once a fax of a document is transmitted, because a fax-filed document is only vested with force and effect if each requirement of La. R.S. 13:850(B) is met. *Id.*

In *Petit-Blanc v. Charles*, 21-94 (La. 4/20/21), 313 So.3d 1245, 1247, the plaintiff fax-filed her petition within the prescriptive period, but there was no evidence that the original petition was placed in "the actual or constructive possession of the clerk's office" within the seven-day period. The Louisiana Supreme Court found that because the plaintiff failed to comply with the procedures set forth in La. R.S. 13:850(B), her fax-filed petition was without force or effect and did not serve to interrupt prescription.

The record before us shows the petition for damages stamped as filed with the Clerk of Court on September 20, 2023. Mr. Baker argues that he did not need to send the "original" petition to the Clerk of Court within seven days of his fax-filing of August 16, 2023 since the petition was signed electronically. However, the statute as currently written does not make a distinction between documents signed physically from documents signed electronically. The statute clearly states that for a fax-filing to have "force or effect," the filing party must deliver the original document to the Clerk of Court within seven days, exclusive of legal holidays, after the Clerk of Court receives the fax-filing. It is undisputed that Mr. Baker did not deliver the original of his petition for damages to the Clerk of Court until September 20, 2023, well after the seven-day period mandated by La. R.S. 13:850(B), thus making his fax-filing on August 16, 2023 without any force or effect. Accordingly, the trial court did not err in sustaining the exception of prescription, as the official filing date of Mr. Baker's petition is September 20, 2023.

## **DECREE**

For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription and dismissing Mr. Baker's suit with prejudice is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-325

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ROCHELLE C. FAHRIG (DISTRICT JUDGE)
LANTZ SAVAGE (APPELLANT)          LUCAS MOREHOUSE (APPELLANT)          TILTON R. HUNTER, JR. (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED